UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

ANGELINE PETERS, )
)
    Plaintiff, )
)
v. ) No. 8:14-cv-3912
)
AMERICAN MEDICAL COLLECTION )
AGENCY, )
)
    Defendant. )

## PLAINTIFF'S COMPLAINT

Plaintiff, ANGELINE PETERS ("Plaintiff"), through her attorneys, alleges the following against Defendant, AMERICAN MEDICAL COLLECTION AGENCY ("Defendant"):

### INTRODUCTION

1. This action is brought by Plaintiff pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq*. ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 28 U.S.C. 1331 and 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Defendant conducts business in the State of Maryland thereby establishing personal jurisdiction.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

### PARTIES

5. Plaintiff is a natural person residing in Laurel, Maryland.

6. Plaintiff is obligated, or allegedly obligated, to pay a debt as "debt" is defined by 15 U.S.C. § 1692a(5).

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant is a business entity with an office located at 4 Westchester Plaza. Ste. 110, Elmsford, NY 10523.

9. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6).

10. Defendant acted though its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## FACTUAL ALLEGATIONS

11. Prior to the filing of this action, an account was placed with Defendant by a non-party to collect monies from Plaintiff which were alleged to be owed and past due ("debt").

12. Upon information and belief, the alleged debt arises from personal medical treatment and/or services.

13. Defendant has been assigned multiple telephone numbers from its telephone provider(s) which are used to place telephone calls to collect debts assigned to it ("collection calls") including, but not limited to, 800-804-0057.

14. In its attempts to collect the alleged debt, Defendant started making collection calls to Plaintiff at telephone number (240) 280-99xx, which is Plaintiff's cellular telephone.

15. All of Defendant's collection calls to Plaintiff were placed using an automatic telephone dialing system or other equipment capable of storing and producing telephone numbers at random or sequential intervals to be called or dialed ("auto dialer").

16. In or around November, 2013, Plaintiff spoke with one of Defendant's employees and instructed Defendant to stop calling her.

17. Plaintiff revoked any actual or implied authority to call her on her cellular telephone.

18. Plaintiff repeatedly instructed Defendant to stop calling her after the conversation in November, 2013.

19. Defendant continued to use an auto dialer to make collection calls to Plaintiff on her cellular telephone despite Plaintiff's instructions.

20. Defendant's collection calls to Plaintiff's cellular telephone include, but are not limited to, the following:

1) 1/16/2014 5:05 PM
2) 1/17/2014 5:11 PM
3) 1/18/2014 12:13 PM
4) 1/18/2014 4:50 PM
5) 1/20/2014 10:17 AM
6) 1/20/2014 4:16 PM
7) 1/21/2014 9:53 AM
8) 1/23/2014 10:17 AM
9) 1/27/2014 11:44 AM
10) 1/27/2014 5:03 PM
11) 1/28/2014 11:50 AM
12) 1/28/2014 6:13 PM
13) 1/29/2014 11:45 AM
14) 1/29/2014 5:15 PM
15) 1/30/2014 12:57 PM
16) 1/30/2014 4:56 PM
17) 1/31/2014 9:24 AM
18) 1/31/2014 5:15 PM
19) 2/1/2014 10:51 AM
20) 2/1/2014 4:08 PM
21) 2/3/2014 12:36 PM
22) 2/3/2014 5:19 PM
23) 2/4/2014 4:56 PM
24) 2/5/2014 12:09 PM
25) 2/5/2014 5:17 PM
26) 2/6/2014 4:51 PM
27) 2/7/2014 9:09 AM
28) 2/7/2014 5:17 PM
29) 2/8/2014 9:59 AM
30) 2/8/2014 4:06 PM
31) 2/10/2014 11:38 AM

21. Plaintiff is annoyed and feels harassed by Defendant's continued collection calls to her cellular telephone despite she repeatedly instructed Defendant to stop.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

22. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt;

    b. Defendant violated § 1692d(5) of the FDCPA by causing Plaintiff's telephone to ring repeatedly and/or continuously with intent to annoy, abuse, or harass Plaintiff.

WHEREFORE, Plaintiff, ANGELINE PETERS, respectfully requests judgment be entered against Defendant, AMERICAN MEDICAL COLLECTION AGENCY, for the following:

23. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

24. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k, and

25. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

26. Defendant's actions alleged *supra* constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

27. Defendant's actions alleged *supra* constitute numerous and multiple knowing and/or

willful violates of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, ANGELINE PETERS, respectfully requests judgment be entered against Defendant, AMERICAN MEDICAL COLLECTION AGENCY, for the following:

28. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B),

29. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C),

30. All court costs, witness fees and other fees incurred,

31. Any other relief that this Honorable Court deems appropriate.

Dated: December 17, 2014                                        RESPECTFULLY SUBMITTED,

                By:   /s/ Deborah Van Bergen
                        Deborah Van Bergen
                        Federal Bar No. 13998
                        D. G. Van Bergen, P.A.
                        1406 B Crain Hwy S Ste 104
                        Glen Burnie, MD 21061
                        Office: 410-863-1012
                        E-mail: deborah.vanbergen@cavtel.net